**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERNEST PAULK,

    Plaintiff,

vs.                                                          CASE NO. 3:07-cv-657-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB). 42 U.S.C. § 405(g). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #22, P's Brief).[1] Defendant filed his brief in support of the decision to deny disability benefits (Doc. #23, D's Brief). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated June 19, 2008 (Doc. #21). The Commissioner has filed the transcript of the administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number).

Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the

---

[1]Hereafter, the Court will identify Plaintiff's brief as "P's brief" and Defendant's brief as "D's brief".

reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff protectively filed an application for DIB on or about February 22, 2005 (Tr. 47, 56). Plaintiff alleged a disability onset date of December 2, 2004 (Tr. 47).[2] Plaintiff's applications were denied initially and upon reconsideration. Thereafter, Plaintiff requested an administrative hearing, which was ultimately held on January 9, 2007, in Jacksonville, Florida before administrative law judge (ALJ) Teresa J. Davenport (Tr. 234-58). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Mark Capps. Plaintiff was represented during the underlying administrative proceedings by Mr. Gil Spruance, non-attorney representative (Tr. 39-40). ALJ Davenport issued a hearing decision denying Plaintiff's claim for DIB on March 23, 2007 (Tr. 10-20).

Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 5-7), making the hearing decision the final decision of the Commissioner. Plaintiff's current counsel of record, Mr. Jack Gibney, Esq., filed the instant action in federal court on July 18, 2007 (Doc. #1).

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION
## AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12

---

[2]The Court notes that Plaintiff's Brief states an alleged disability onset date of September 2, 2004 (P's Brief at 1), which is inconsistent with the record evidence wherein Plaintiff's alleged onset date is December 2, 2004 (Tr. 47).

months. 20 C.F.R. § 404.1505.[3] The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ found Plaintiff met the Social Security Act's insured status requirements through December 31, 2010 (Tr. 13, 61). At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of December 2, 2004 (Tr. 15). At step two, the ALJ found Plaintiff had severe impairments identified as "degenerative joint disease of the knees, right worse than left, and obesity" (Tr. 15). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15).

The ALJ assessed Plaintiff retained the residual functional capacity (RFC) to perform sedentary work indicating that "[Plaintiff] can sit for a full workday with normal breaks and rest periods" but can only stand and walk occasionally and can lift a maximum of ten pounds (Tr. 15).

At step four, the ALJ determined Plaintiff could not return to his past relevant work (PRW) (Tr. 18). However, at step five, based in part on the VE's testimony, the ALJ determined that, "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national

---

[3]Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition.

economy that the [Plaintiff] can perform" (Tr. 19). Thus, the ALJ found Plaintiff was not under a disability within the meaning of the Social Security Act at any time from Plaintiff's alleged onset date of December 2, 2004 through the date of decision (Tr. 20).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-

weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). The plaintiff must provide the relevant medical and other evidence that he or she believes will prove the existence of disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## BACKGROUND AND ANALYSIS

Plaintiff, who was born September 14, 1959 (Tr. 47, 241), was forty-seven years old at the time of the administrative hearing. Plaintiff testified he has a high school education and previously worked as a route salesman and a truck driver (Tr. 243, 267). Plaintiff further testified that as a result of a work-related injury, he continues to suffer from pain in his right knee (Tr. 243-47). The injury occurred when Plaintiff slipped on a piece of cardboard he had laid down to assist him in unloading a delivery truck and banged his knee on the ground causing it to swell (Tr. 244). In addition to this incident, Plaintiff testified that he injured his knee a second time, a couple of years later, while working with a hand truck in a Publix parking lot (Tr. 244). Plaintiff ultimately underwent surgery of an arthroscopic partial and medial lateral meniscectomy of the right knee (Tr. 104-05). Plaintiff has also

5

been diagnosed with osteoarthritis of the right knee (Tr. 199, 213), which he testified has resulted in decreased mobility that has led to his increased obesity (Tr. 245).[4]

Plaintiff raises two issues on appeal. Namely, Plaintiff contends that the ALJ: (1) failed to correctly evaluate the medical evidence with regard to Plaintiff's need to elevate his leg and thereby relied on incomplete hypothetical to determine Plaintiff was not disabled; and, (2) failed to correctly evaluate the medical evidence with regard to Plaintiff's complaints of pain (P's Brief at 5, 8).

Defendant responds that the ALJ's decision applied the correct legal standards and is supported by substantial evidence (D's Brief at 5-11). Defendant points out that the Plaintiff acknowledged a lack of evidence in the record concerning any duration and height requirements for leg elevation and conceded the ALJ's interpretation as to the times of elevation was probably not an unreasonable interpretation (D's Brief at 6; Plaintiff's Brief at 7). Further, Defendant argues that, contrary to Plaintiff's assertion, the Regulations do not require the ALJ to contact physicians for clarification or additional support for Plaintiff (D's Brief at 6-7).

As to Plaintiff's second argument, Defendant notes that despite Plaintiff's view of the ALJ's decision, the amount of pain medication Plaintiff used was not the ALJ's sole consideration in discrediting Plaintiff's complaints of pain (D's Brief 7-8).

Upon due consideration and review of the record, the Court finds Plaintiff's arguments are without merit. The Court will address the issues as raised.

---

[4]Plaintiff also testified his current weight was approximately 296 pounds and he had weighed approximately 250 pounds at the time of his knee surgery (Tr. 245). Record evidence from Shands hospital reflects Plaintiff weighed "almost 300 pounds" and was six feet one inch tall on September 21, 2006 (Tr. 199).

***The ALJ's Evaluation of the Medical Evidence and the Hypothetical Questions***

Plaintiff agrees that the evidence unquestionably limits the Plaintiff to sedentary work; however, Plaintiff argues that the need to elevate the right leg limits his ability to perform sedentary work on a full-time basis (P's Brief at 6). According to Plaintiff's testimony, he elevates his leg about half of the day, slightly above the hip level (Tr. 258). Plaintiff also testified his knee swells to the point he needs to elevate his leg approximately once or twice per week (Tr. 247). The only medical evidence of record that suggests a need for elevation is a short note from Dr. Eric Bonenberger, M.D., dated January 11, 2007, that was submitted after the administrative hearing (Tr. 230). The note simply states, "must keep leg/knee (R) elevated 4 times per day - Thank you" (Tr. 230). In this case, the ALJ found in Plaintiff's favor through step four of the sequential evaluation process. Thus, Plaintiff carried his burden of establishing a severe impairment or combination of impairments that keeps him from performing his past work. 20 C.F.R. § 404.1560(c); *see also Christensen v. Astrue*, No. 5:07cv154/RS-EMT, 2008 WL 4192718 at *3 (N.D. Fla. Sept. 9, 2008). Upon determining Plaintiff could not return to his past relevant work, the burden shifted to the Commissioner to show other work in the national economy that Plaintiff could perform given his RFC and vocational factors. 20 C.F.R. § 404.1560 (c); *Bowen v. Yuckert*, 482 U.S. at 146 n.5 (discussion of burden shifting in disability benefits cases); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)(holding that a claimant must prove that he is unable to perform the jobs listed by the Commissioner). As is often done in these cases, the ALJ utilized the services of a vocational expert to testify what, if any, other work existed in the economy that a person with Plaintiff's RFC and vocational factors could perform (Tr. 267-77).

ALJ Davenport first asked vocational expert Mark Capps if there were jobs that existed in the national economy that fall under the definition of sedentary work and that a man with a high school degree and who is literate in English can perform.  Mr. Capps identified three such jobs as representative of such work.   Specifically, he identified the jobs of information clerk, surveillance system monitor, and dispatcher (Tr. 267-68).

The ALJ next inquired as to whether any of these jobs would allow a person to elevate his leg during the day.  The ALJ posed two different hypothetical scenarios regarding the need to elevate.  ALJ Davenport asked the VE if those same jobs could be performed by someone required to elevate the leg above the hip, or to elevate the leg below desk level (Tr. 269).  Mr. Capps testified that elevation above the desk, that is above the hip, would require accommodation by the employer and "could impact the production and the ability to stay on task" (Tr. 269).  However, below the desk level would not create a disturbance in a person's ability to perform sedentary work (Tr. 269, 272).

In her decision ALJ Davenport noted, "the testimony of the vocational expert that the claimant could elevate his leg under a desk at the [referenced] jobs is not in conflict with the evidence received after the hearing" (Tr. 20).  In reliance on that testimony, the ALJ determined that Plaintiff could perform sedentary work despite the need to elevate his leg (Tr. 20).  The ALJ's finding is not inconsistent with the RFC or medical evidence in the record.[5]  Although Plaintiff testified that he elevates his leg for half the day either by placing it on his daughter's Barbie chair while watching television or propping his leg on pillows

---

[5] Other than Dr. Bonenberger's note, identified *supra*, the record does not contain evidence indicating a need for Plaintiff to elevate his leg.  Actually, Plaintiff's medical records suggest that his condition improved with physical therapy after the surgery (*see, e.g.*, Tr. 117-58; physical therapy records from December 2004 through February 2005).

8

while lying on his bed (Tr. 258-59), the record is devoid of medical evidence suggesting the necessity of this action.

While Plaintiff attempted to rebut the VE's testimony of other jobs a person with Plaintiff's limitations could perform by producing Dr. Bonenberger's note, the note was vague and required that the ALJ interpret the findings. Plaintiff contends that the ALJ discounted the note and by doing so failed to make a fair determination of Plaintiff's disability (P's Brief at 5). However, contrary to Plaintiff's argument, the ALJ accepted the limitations as stated and merely remarked the information contained in the note was not found in any treatment records submitted before the hearing (Tr. 20). A plain reading of the document shows the ALJ's interpretation to have been reasonable. Plaintiff does not challenge the assessed residual functional capacity assessment, but looks to this Court to expand the determined RFC to include his interpretation of how high and for how long his leg should be elevated during the work day. It is the province of the Commissioner, not the Court, to draw inferences from the evidence and those inferences will not be overturned if they are supported by substantial evidence. *Davis v. Apfel*, 93 F.Supp.2d 1313, 1316 (M.D. Fla. 2000) (internal citation omitted). In this case, Plaintiff actually concedes the ALJ's interpretation of Dr. Bonenberger's note "is probably not an unreasonable interpretation," but argues the ALJ should have sought further clarification on particulars that are not stated in the note (P's Brief at 7).

Plaintiff raises the argument that the ALJ "probably should have obtained clarification from a doctor regarding the amount of elevation as this obviously would impact employment" (P's Brief at 7). True, the ALJ is required to develop a full and fair record and in doing so may be required to contact a treating physician. *Cowart v. Schweiker*, 662 F.2d

731, 735 (11th Cir. 1981). Pursuant to 20 C.F.R. § 404.1512(e), the ALJ will recontact a treating physician if evidence received from the treating physician is inadequate for the ALJ to determine whether the claimant is disabled. This duty, however, does not extend so far as to require the ALJ to recontact a treating physician unless a critical issue is undeveloped. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining if the record is fully developed, "[t]he court should be guided by whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice'." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (ruling that a record is complete and adequate wherein there is no evidentiary gaps and the ALJ through questioning has brought out any additional information regarding how the symptoms effect the individual plaintiff).

As Defendant properly notes, the record reflects Dr. Bonenberger only saw Plaintiff on a single occasion, so his opinion evidence is not entitled to the same deference as a long term treating physician (P's Brief at 6). Further, the Regulations do not require recontact unless the evidence in the record is inadequate for the Commissioner to make a disability determination. 20 C.F.R. § 404.1512(e). Notwithstanding the question of Dr. Bonenberger's status as a treating physician, the Court finds the record is sufficiently developed as to Plaintiff's disability claims insofar as several treating physicians provided detailed clinical data and observations about Plaintiff's limitations and the ALJ questioned Plaintiff extensively regarding the effects of Plaintiff's knee injury. There are no evidentiary gaps in the record and a plain reading of Dr. Bonenberger's note finds those limitations fall within Plaintiff's RFC and would not preclude work at other jobs in the economy identified by the VE. The ALJ is under "no duty to go to inordinate lengths to develop a claimant's case." *McCray v. Massanari*, 175 F.Supp.2d 13229, 1340, n.9 (M.D. Ala. 2001).

There is no error in the ALJ's evaluation of the medical evidence or the hypothetical questions asked of the vocational expert.

### *Plaintiff's Credibility on Complaints of Pain*

Plaintiff claims the ALJ did not evaluate his statements of pain in accordance with the prevailing law of this circuit (P's Brief at 8). More specifically, Plaintiff contends that the ALJ failed to adequately support her decision in discrediting Plaintiff's claims of pain by relying solely on a single factor that Plaintiff "did not seek an unreasonable amount of pain medication" (P's Brief at 9). Defendant counters that the ALJ found and articulated several reasons, supported by substantial evidence, to discredit Plaintiff's subjective testimony (D's Brief at 7-8).

Where the ALJ decides not to credit a plaintiff's testimony about an asserted condition, the ALJ must articulate specific and adequate reasons based on substantial evidence for so doing, or the decision must be obvious as to the credibility finding. *Holt v. Sullivan*, 921 F.2d at 1223; *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). Under *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995), if proof of disability is based upon subjective evidence and a credibility determination is critical to the decision, the ALJ must articulate adequate reasons for rejecting allegations of pain. In this case, the ALJ did not reject Plaintiff's testimony outright, but determined that his testimony concerning his subjective complaints of pain was "not fully credible" (Tr. 18).

Plaintiff testified he experiences such pain in his knee that he can not even get down the steps in his house, take a shower or play with his children (Tr. 242). Plaintiff testified that he has lost mobility and that "sometimes it [my knee] hurts where I can't do anything" (Tr. 245, 247). He also testified that he has difficulty keeping balance and uses a cane to

walk so that he does not fall down (Tr. 255). He stated that his knee swells when walking around Wal-Mart so he prefers not to do the grocery shopping (Tr. 248). Plaintiff does, however, state that he is able to drive, and in fact drove himself to the hearing, but he prefers not to drive due to the side effects of his pain medication (Tr. 255).

Upon review, the Court finds the ALJ's decision shows thorough consideration of Plaintiff's testimony and of the overall evidence in the record (*see* Tr. 17-18). In evaluating the credibility of Plaintiff's testimony, ALJ Davenport did note, "[Plaintiff] does not seek an unreasonable amount of pain medication" (Tr. 18). However, as the decision clearly illustrates, the ALJ does not rely solely on this fact in assessing Plaintiff's credibility. The finding concerning Plaintiff's usage of pain medication is one of a number of factors the ALJ took into consideration when assessing Plaintiff's complaints of pain (*see* Tr. 18). Overall, the ALJ found, "After considering the evidence of record, the undersigned finds the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 18.)

Under the Eleventh Circuit pain standard, a claimant must provide evidence of an underlying medical condition and must produce objective medical evidence confirming the severity of the alleged pain or evidence that the determined medical condition is of the severity which can reasonably be expected to give rise to the degree of pain or symptoms alleged. *See Holt v. Sullivan*, 921 F.2d at 1223. In 20 C.F.R. § 404.1529, the Regulations provide that a claimant's statements about pain or other symptoms will not alone establish disability. Rather, medical signs and laboratory findings must be present to show a medical impairment that could reasonably be expected to produce the symptoms alleged.

12

"Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques . . . *must be considered* in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C. § 423(d)(5)(A) (emphasis added).

When making a credibility determination, the decision maker's opinion must indicate an appropriate consideration of the evidence. *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (internal citation omitted). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d at 1561-62; *see also* 42 U.S.C. § 405(g) (the findings of the Commissioner as to any fact are conclusive if supported by substantial evidence).

As support for the credibility determination in this case, the ALJ refers to treating physician opinions following Plaintiff's knee surgery that indicated "[Plaintiff] had decreased pain and improved motion with no evidence of record of severe and disabling levels of pain." (Tr. 18; *see also* Tr. 177, 165.) Furthermore, Plaintiff's surgeon and treating physician, Dr. Todd Northrup, M.D., specifically found Plaintiff "is not able to return to the type of work he was doing and is only capable of a sedentary type of job" (Tr. 211). ALJ Davenport additionally noted that despite Plaintiff's claims of falling twice due to his knee, there is nothing in the record indicating instability of the knee (Tr. 18).[6] In fact, evidence show that post surgery Plaintiff had good balance and coordination (*see* Tr. 211).

Contrary to Plaintiff's suggestion, the ALJ did provide the basis for the Court to

---

[6]The Court's independent review further supports the ALJ's findings. The medical evidence provided reveals Plaintiff successfully completed physical therapy and showed improvement in strength and mobility from the time of surgery (Tr. 117-55).

determine whether or not the pain criteria was used and properly applied. ALJ Davenport's findings are reflective of the prevailing law in this circuit and the applicable Regulations. In the instant case, the ALJ outlined the correct legal standard and followed it with her discussion of the medical evidence of record and Plaintiff's testimony (*see* Tr.18). While an ALJ must consider a plaintiff's subjective testimony of pain that restricts his/her ability to work, the ALJ may reject the testimony as not credible and such a determination will be reviewed under the substantial evidence standard. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

Here, ALJ Davenport as the finder of fact, properly found Plaintiff was not fully credibly when questioning Plaintiff face-to-face. Having concluded that she had to make a credibility determination of Plaintiff's subjective complaints, the ALJ recognized that she had to articulate a reasonable basis for her determination and did so. *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989). The Court's independent review of the record confirms substantial evidence supports the ALJ's findings regarding Plaintiff's credibility.

## CONCLUSION

Thus, upon review of the ALJ's decision and the underlying record, the Court finds substantial evidence supports the ALJ's factual findings. Further, the ALJ adhered to the Regulations in making her step five determination and applied the correct law in determining Plaintiff was not disabled under the Social Security Act. For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and,

thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of September, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any